GAUDIN, Judge.
This litigation resulted from a November 8, 1985 collision between a pickup truck and a 25 to 30 foot long fire truck on Highway 90 in Luling, Louisiana. A bench trial in the 29th Judicial District found the pickup truck 40 per cent at fault and the fire truck 60 per cent negligent. Both parties are before this Court on appeal.
Alton C. Rivero, the driver of the pickup, argues that the driver of the fire truck, Jack L. Danford, was totally responsible for the accident while Danford contends that Rivero was 100 per cent blameworthy.
For the following reasons, we cannot say that the trial judge’s findings of fact are manifestly wrong. We affirm her decree.
Rivero testified that he was driving in the left lane of two west-bound lanes. The fire truck, according to Rivero, was proceeding in the right lane (of the westbound lanes) and attempted a left turn directly in front of Rivero’s pickup. Rivero said:
“Well, I was, like I said, westbound on the left lane, and there was this emergency unit on the right lane.
“And it was coming at a pretty good speed. And I couldn’t get over to the right, you know. There was cars in front of me, cars on the side of me. But he was so close at that time, I figured he was going to just continue passing on the right lane, which he did. And I was going to try to yield to the right to let him come around. But he continued on the right lane, so I just held my course.
“... it happened so quick. He was on the side of me passing me, he was. And seemed like just as he passed me, he made a hard left turn across the front of me.”
Danford said that he was driving in the west-bound lane closest to the neutral ground. When he approached the scene of the fire, he stated that he had to turn left off Highway 90. He said he veered right, then veered back to the left and that he had driven into the eastbound lanes when his vehicle was struck by the pickup.
Had the trial judge fully believed Rivero, the fire truck would have been 100 per cent at fault. On the other hand, if the trial judge had accepted completely Danford’s version of the incident, Rivero’s negligence would have been the sole cause of the accident.
Instead, the trial judge partially rejected both stories. She stated that the testimony and physical evidence showed “.. .that neither the plaintiff’s nor defendant’s version of the facts is correct.”
Rivero was found to be 40 per cent at fault “.. .for his failure to exercise reasonable care in the presence of an emergency vehicle ...” while Danford was found to be 60 per cent responsible “...in executing his left turn from the right-hand lane.”
Under comparative negligence, a trial judge is necessarily vested with broad dis *1299 cretion. Only if findings of fact are manifestly wrong should they be changed on appeal.
Here, we cannot say that the evidence and physical evidence relied on do not support a 60-40 finding, although conceivably the trial judge could have found the pickup driver guilty of greater negligence considering the testimony of the only eyewitness. Nonetheless, we are required to affirm if the 40 per cent finding of fact on Rivero’s part was not clearly erroneous.
Each party is to bear its own costs of this appeal.
AFFIRMED.